IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wanda Hunt,<br><br>               Plaintiff,<br><br>vs.<br><br>Greenville County South Carolina,<br>Womble Carlyle Sandridge and Rice,<br>Greenville County Sheriff's Department,<br><br>               Defendants. | Civil Action No. 6:08-857-HMH-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on Defendant Womble Carlyle Sandridge and Rice, PLLC's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6). [Doc. 25.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

Taken in a light most favorable to her, the plaintiff's Complaint alleges that an attorney for the defendant Womble, Carlyle, Sandridge and Rice ("WCSR") and a Greenville County Master-in-Equity entered into a conspiracy, which resulted in the ejectment of the plaintiff from her home and foreclosure of her property. (Compl. at 4.) It appears that the plaintiff believes that orders of ejectment were fraudulently procured by WCSR prior to the time when the Master-in-Equity actually had jurisdiction over the matter. *Id*. The plaintiff alleges that the WCSR attorney knew that the Court did not have jurisdiction to issue the order and had been expressly informed by, presumably, another

"Presiding Judge on February 28, 2008." *Id*. Notwithstanding, the plaintiff contends that the attorney fraudulently requested that the Master-in-Equity issue the order.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT** questionnaire

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

**DISCUSSION**

**I.   SUBJECT MATTER JURISDICTION**

Defendant WCSR first argues that the case should be dismissed because the Court lacks subject matter jurisdiction to entertain the case. It is true that the Complaint must establish some basis for jurisdiction over the subject matter of the lawsuit. That requirement is most typically met based either on the existence of a federal question or on the diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. After a careful review of the Complaint, the Court concludes that jurisdiction exists.

WCSR first contends that diversity jurisdiction does not exist. Section 1332 of the United States Code states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. That statutory provision has been interpreted to require what is called "complete diversity." *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.13-16 (1978). In other words, the plaintiff must be from a different state than all of the defendants which she has brought into the action. *See id.* As a result, WCSR argues that the action should be dismissed, as it is undisputed that the Greenville County and the Greenville County Sheriff's Department are governmental entities existing in the State of South Carolina and, therefore, are non-diverse to the plaintiff. The non-diversity of those defendants, however, does not justify the dismissal of the matter.

If an independent basis for jurisdiction over non-diverse defendants exists, such as federal question jurisdiction under 28 U.S.C. § 1331, the district court should not dismiss the claims as to which diversity requirements have been met. *See K.M.B. Warehouse Distributors, Inc. v. Walker Mfg. Co.*, 61 F.3d 123 (2nd 1995) (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 381 (1959)); *see also Kauth v. Hartford Ins. Co.*, 852 F.2d 951, 959 (7th Cir.1988); *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063, 1067 (5th

Cir.1981). The reasoning behind this exception is that plaintiffs should not be required to bring two suits in federal court solely in order to avoid destroying complete diversity. *See Kauth*, 852 F.2d at 959.

Accordingly, subject matter exists over the case against WCSR because it is undisputed that the diversity requirements are met as to it and an independent basis for jurisdiction exists as to the other defendants.

## II.   ATTORNEY IMMUNITY

WCSR next contends that the case should be dismissed for the plaintiff's failure to state a claim against it. Specifically, WCSR contends that it enjoys immunity for actions it took on behalf of its client, in the course of the performance of its legal representation, against the plaintiff.

As WCSR contends, "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Stiles v. Onorato*, 457 S.E.2d 601, 602 (1995) (citing *Gaar v. North Myrtle Beach Realty Co, Inc.*, 339 S.E.2d 887, 889 (S.C. Ct. App. 1986)). The purpose of the doctrine of attorney immunity is to encourage zealous representation of clients without fear of lawsuits by disgruntled opposing parties. *See Gaar*, 339 S.E.2d at 889-90. Because a law firm normally conducts litigation solely in its professional capacity, the firm has no personal interest in the suit. *Id*. 339 S.E.2d at 889. Thus, if an attorney offers advice to his client in good faith and without malice, he cannot be liable for injury to a third party. *Buschi v. Kirven*, 775 F.2d 1240, 1250 (4th Cir. 1985).

The plaintiff has alleged that an attorney for WCSR in various ways, including the knowing procurement and placement of fraudulent ejectment notices, acted dishonestly, deceitfully, and fraudulently in his representation of a client adversarial to the plaintiff. (See Compl. at 4-6; Pl. Resp. Summ. J. at 1, 4.) To the Court, these allegations meet the pleading requirements necessary to survive a motion to dismiss. The fraud and conspiracy

alleged by the plaintiff, viewed in a light most favorable to her, appears to roughly rise to the quality of bad faith noted in *Stiles,* which if established, would pierce the shield of immunity normally enjoyed. *See Stiles*, 457 S.E.2d at 299-300. Of course, WCSR's immunity may easily be established upon submission of evidence on a motion for summary judgment but a ruling now would be premature.

### III. Abstention

Lastly, WCSR contends that the Court should abstain from consideration of this case as a result of the pendency of a parallel state court action. Specifically, WCSR argues that the Court should not exercise jurisdiction over this matter pursuant to the abstention doctrine announced in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976). The Court declines to abstain.

As a threshold matter, the federal and state actions must be parallel. *Great American Ins. Co. v. Gross*, 468 F.3d 199, 208 (4th Cir. 2006). The Fourth Circuit has interpreted that requirement to mean that, in both actions, "the parties involved be almost identical." *Id*. WCSR agrees, citing *New Beckley Min. Corp. v. International Union, United Mine Workers of America*, 946 F.2d 1072, 1073 (4th Cir. 1991). The only state court complaint submitted by WCSR, however, does not include WCSR as a defendant. (Mot. Dismiss Ex. C.) WCSR does not contend otherwise but instead emphasizes that the issues involved in the various proceedings overlap such that abstention is justified. WCSR particularly emphasizes the fact that the state court has already assumed jurisdiction over the *res* at issue in this case.

The Court is unpersuaded. The claims pled in this federal case against WCSR are unique to this lawsuit as far as the Court can determine. *See id.* Any determination of liability in this Court would not disturb the proceedings in state court. WCSR's actions are not at issue in the state action. Moreover, this Court is not called upon to make any determination about the property itself by considering WCSR's liability.

As WCSR concedes, it is a rare set of circumstances where abstention is justified. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). In light of the Supreme Court's admonition that "[o]nly the clearest of justifications will warrant dismissal" under *Colorado River*, the Court will not recommend abstention. The balance of considerations in an abstention case is always "heavily weighted in favor of the exercise of jurisdiction." *Moses*, 460 U.S. at 16. The differences in parties and issues involved, here, weigh against it.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that Womble Carlyle Sandridge & Rice, PLLC's motion to dismiss [Doc. 25], should be DENIED.

s/Bruce H. Hendricks
United States Magistrate Judge

August 28, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).