IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wanda Hunt,<br><br>               Plaintiff,<br><br>vs.<br><br>Greenville County South Carolina,<br>Womble Carlyle Sandridge and Rice,<br>Greenville County Sheriff's Department,<br><br>               Defendants. | Civil Action No. 6:08-857-HMH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on Greenville County, South Carolina's and the Greenville County Sheriff's Deprtment's [hereinafter "the defendnats"] motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). [Doc. 61.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

Taken in a light most favorable to her, the plaintiff's Complaint alleges that various government employees, including a Greenville County Master-in-Equity, a sheriff's deputy, and a docket court coordinator, took actions which resulted in the wrongful ejectment of the plaintiff from her home and foreclosure of her property. (Compl. at 4.) It appears that the plaintiff believes that orders of ejectment were fraudulently issued by the Master-in-Equity, in the absence of jurisdiction. *Id*.

The plaintiff also asserts that Greenville County violated her right of access to the courts when the jury docket court coordinator informed her that a hearing had been

cancelled, when it was not. Lastly, the plaintiff claims that a Sheriff's Deputy violated her constitutional rights by posting the unlawful ejectment notice at her residence.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT** questionnaire

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## **DISCUSSION**

**I.     Section 1983 Claim**

The plaintiff claims various constitutional violations by state actors, ostensibly pled pursuant to 42 U.S.C. § 1983.  Section 1983 provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.  As stated, the plaintiff alleges that employees of Greenville County and the Greenville County Sheriff's Department, including a Master-in-Equity, a docket court coordinator, and a Sheriff's deputy, violated her constitutional rights under color of state law.  The defendants argue that, as government entities, they are not liable for the acts of any of their employees.

It is well established that a municipality cannot be held liable simply for employing a tortfeasor.  *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978).  On the other hand, a municipality may be subject to liability under section 1983 if the alleged injury was caused by an identifiable municipal policy or custom.  *See Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

A government policy or custom need not have received formal approval through the municipality's official decisionmaking channels to subject the municipality to liability.  *Riddick v. School Bd. of City of Portsmouth*, 238 F.3d 518, 522 (4th Cir. 2000).  Rather, when an alleged constitutional deprivation is caused by the official actions of those individuals "whose edicts or acts may fairly be said to represent official policy," the government as an entity is responsible under section 1983.  *Monell*, 436 U.S. at 694.  Because section 1983 was not designed to impose municipal liability under the doctrine of respondeat superior,

the "official policy" requirement was "intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Rather, "[m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur*, 475 U.S. at 481 (citation omitted); Riddick, 238 F.3d at 522. To qualify as a "final policymaking official," a municipal official must have the responsibility and authority to implement final municipal policy with respect to a particular course of action. *Pembaur*, 475 U.S. at 482-83 (emphasis added); *see also Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir.1987) ("'[P]olicymaking authority' implies authority to set and implement general goals and programs of municipal government, as opposed to discretionary authority in purely operational aspects of government."). Therefore, to impose municipal liability on Greenville County or the Sheriff's Department, the plaintiff must identify officials with "final policymaking authority" to implement some alleged unconstitutional policy.

The plaintiff's claim fails for two reasons. First, she has not alleged in her Complaint that any of the county officers acted pursuant to any policy of the defendants, formal or informal. She alleges discreet actions and decisions taken and made by individuals not acting pursuant to any requirement imposed by the defendants. Second, as a matter of law, the plaintiff has not identified any statutory or regulatory authority which would grant to the Master-in-Equity, docket court coordinator, or Sheriff's deputy policy-making authority attributable to the defendants. The Court, independently, has found none.

Accordingly, the plaintiff's Section 1983 claim should be dismissed because there is no basis upon which to impose liability on the defendants.

**II.     State Law Claims**

Having dismissed the plaintiff's federal claim pursuant to 42 U.S.C. § 1983, the Court declines to exercise jurisdiction over the state law claims the plaintiff has pled against the defendants.  *See* 28 U.S.C. § 1367(c)(3); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.")  Thus, the state law claims are hereby dismissed *without prejudice* for refiling in state court.  This result is proper even though jurisdiction exists over Defendant Womble Carlyle Sandridge & Rice, PLLC, based in diversity.  *See Wood v. Standard Products Co., Inc.*, 456 F. Supp. 1098, 1100 (D.C. Va.1978) ("It is clear that if the anchor claim on which pendant jurisdiction is asserted is based on diversity, a federal district court may not reach out and assert jurisdiction over an additional party in order to adjudicate a pendant State claim where there is no diversity as to the additional party.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)); *see also Price v. Pierce*, 823 F.2d 1114, 1119 (7th Cir.1987) ("[F]or we recognize "pendent party" jurisdiction where the main claim is a federal-question rather than diversity claim.")

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that Greenville County, South Carolina's and Greenville County Sheriffs Department's motion to dismiss [Doc. 61] should be GRANTED and the plaintiff's federal claims *dismissed with prejudice* and her state law claims *dismissed without prejudice*.

                                        s/Bruce H. Hendricks
                                        United States Magistrate Judge

August 29, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).