

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| WANDA HUNT, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:08-857-HFF-BHH |
| | § | |
| GREENVILLE COUNTY SOUTH | § | |
| CAROLINA; WOMBLE, CARLYLE, | § | |
| SANDRIDGE, & RICE, PLLC; and | § | |
| GREENVILLE COUNTY SHERIFF'S DEPT., | § | |
|     Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action and also included state law claims. Plaintiff is proceeding pro se. The matter is before the Court for review of two Report and Recommendations of the United States Magistrate Judge. In the first Report and Recommendation (Report One), the Magistrate Judge recommended that Defendant Womble, Carlyle, Sandridge and Rice, PLLC's (Defendant WCSR) motion to dismiss be denied. In the second Report and Recommendation (Report Two), the Magistrate Judge recommended that Defendant Greenville County, South Carolina and Defendant Greenville County Sheriffs Department's (collectively, the Greenville County Defendants) motion to dismiss be granted, Plaintiff's federal claims against the Greenville County Defendants be dismissed with prejudice, and her state law claims against the Greenville County Defendants be dismissed without prejudice. The Reports were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Report One on August 28, 2008, and the Clerk of Court entered Defendant WCSR's objections to Report One on September 15, 2008. The Magistrate Judge filed Report Two on August 29, 2008, and the Clerk of Court entered Plaintiff's objections to Report Two on September 16, 2008.

In this case, Plaintiff has asserted a variety of claims against Defendants arising out of a foreclosure action, which has been pending in state court for some time. Specifically, Plaintiff alleges that an attorney with Defendant WCSR conspired with Greenville County's Master-in-Equity in an effort to get her ejected from her home. (Pl.'s Compl. 4.) She alleges that deputies with Defendant Greenville County Sheriff's Department assisted in this conspiracy by placing fraudulent ejectment notices on her door. (Pl.'s Compl. 4.) Plaintiff also claims that Defendant Greenville County attempted to deny her the right to a fair trial by falsely telling her that one of her state court hearings was cancelled. (Pl.'s Compl. 5.) Plaintiff characterizes her claims for relief as: gender, economic, and racial discrimination; harassment and embarrassment; fraud; cronyism; conspiracy; lack of enjoyment and peace; violation of civil rights and due process; and sharp practice. (Pl.'s Compl. 6-7.)

As already noted, Plaintiff is not represented by an attorney in this case. As such, her complaint and objections are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing documents filed by a pro se litigant to allow the development of a potentially meritorious case, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 1081, 1086 (2007). Nonetheless, the requirement of liberal construction does not transform the Court into an advocate for the unrepresented party. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). With these rules in mind the Court will summarize the Magistrate Judge's recommendations.

## I.  Report One

Report One was prepared in response to Defendant WCSR's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). The Magistrate Judge construed Plaintiff's claims against Defendant WCSR as state law claims, but concluded that federal diversity jurisdiction existed over those claims.[*] (Report One 3-4.) The Magistrate Judge also rejected Defendant WCSR's arguments that it was immune from suit and that the *Colorado River* abstention doctrine

---

[*]In its objections to the Magistrate's Report, Defendant WCSR pointed out for the first time that diversity jurisdiction does not exist between it and Plaintiff because the citizenship of a limited liability company is determined by the citizenship of its members. *See e.g., General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("[A LLC] is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.") Numerous members of Defendant WCSR are citizens of South Carolina. (Def.'s Objections 2.) Thus, Defendant WCSR is a citizen of South Carolina for diversity purposes. Although diversity jurisdiction did not exist over Defendant WCSR, supplemental jurisdiction did. *See* 28 U.S.C. § 1367(a) (2008) (noting that jurisdiction exists over other claims that "form part of the same case or controversy under Article III" of the Constitution). Therefore, the Magistrate Judge's ultimate conclusion in Report One that the Court had jurisdiction over Defendant WCSR is sound.

3

applied. (Report One 4-5.) Based on these conclusions, the Magistrate Judge recommended denial of Defendant WCSR's motion to dismiss.

## II.     Report Two

Report Two was prepared in response to the Greenville County Defendants' motion to dismiss based on various immunity doctrines. The Magistrate Judge construed Plaintiff's federal law claims against the Greenville County Defendants as arising under 42 U.S.C. § 1983. (Report Two 3.) Relying on principles of qualified immunity applicable to municipalities, the Magistrate Judge recommended dismissal of Plaintiff's § 1983 claims against the Greenville County Defendants. Because the Court's jurisdiction over the remaining state law claims against the Greenville County Defendants was supplemental, the Magistrate Judge recommended dismissing those claims without prejudice. (Report Two 5.)

## III.    Discussion and Analysis

Because the Magistrate's conclusion in Report Two is applicable to the claims against all three Defendants, the Court will address that report first. As discussed above, the Magistrate Judge properly construed Plaintiff's federal claims against the Greenville County Defendants as arising under 42 U.S.C. § 1983. To hold a municipality liable under § 1983, a plaintiff must establish that the harm complained of was the result of an official policy or custom on the part of the municipality. *See Monell v. Department of Soc. Services*, 436 U.S. 658, 691 (1978) (stating rule). Single acts by a municipality fail to rise to the level of an "official policy" unless the action is one by the policymaker with "final authority" to make such decisions. *Pembaur v. Cincinnati*, 475 U.S. 469, 481-83 (1986). Additionally, inadequate training, supervision, or hiring practices may result in § 1983 liability where the inadequate supervision was conducted with "deliberate indifference" to the

public who the government employees commonly come in contact with. *City of Canton v. Harris,* 489 U.S. 378, 388 (1989). Having carefully considered Plaintiff's allegations, the Court agrees with the Magistrate Judge that Plaintiff has failed to establish that the actions of the Greenville County Defendants were in accordance with an official policy or custom or that the actors in this case had the "final authority" to make such decisions. Additionally, the Court finds that Plaintiff failed to establish that the Greenville County Defendants acted with deliberate indifference under *Harris*.

Plaintiff's objections to the Magistrate Judge's report consist largely of information copied from a legal treatise addressing, among other issues, municipal liability under § 1983. Nowhere in Plaintiff's objections does she attempt to refute the Magistrate Judge's determination that the actions of the Greenville County Defendants were not those of the final policymaker.[*] Construing Plaintiff's objections liberally, she does, however, make an official policy or custom-type argument for § 1983 liability. Plaintiff argues that the Greenville County Defendants acted with "deliberate indifference" in their failure to supervise the individual employees involved in this case. (Pl.'s Objections 4.) Specifically, Plaintiff argues that recent changes to the online filing system in Greenville County and the corresponding inadequate training of employees at the Clerk of Court's office resulted in depravation of her constitutional rights. (Pl.'s Objections 4-5.)

Plaintiff's "deliberate indifference" argument for governmental liability fails on at least two grounds. In the seminal case explaining governmental liability for failure to train or supervise employees, the Supreme Court held that a plaintiff seeking to establish municipal liability must

---

[*] Plaintiff does argue that the state court judges who presided over her foreclosure proceedings had "final policymaking authority." (Pl.'s Objections 2.) However, those judges were not named as Defendants in this action. Furthermore, the judges would have absolute judicial immunity from suit for judicial functions such as those performed in this case. *See e.g., Mireles v. Waco*, 502 U.S. 9, 9-11 (1991) (discussing basic principles of judicial immunity).

5

prove not only that the municipality acted with "deliberate indifference" to the rights of potential plaintiffs, but also that the municipality's actions were the "moving force" behind the constitutional violation. *Harris*, 489 U.S. at 388-389. Plaintiff has failed to establish either of these requirements. As the Supreme Court noted in *Harris*, deliberate indifference involves "a deliberate choice to follow a course of action" made "from among various alternatives." *Id.* at 389. Plaintiff has failed to allege that the training received by employees of the Clerk's office was the result of any deliberate choice. But, more importantly, Plaintiff's claims fail because she does not demonstrate the necessary causal connection between any training received by the Clerk's office or other county employees and her alleged constitutional deprivations. Specifically, Plaintiff fails to demonstrate that the alleged inadequate training of the Clerk's staff was the "moving force" behind the her Due Process and other constitutional claims. Therefore, based on the facts alleged, liability under § 1983 is improper.

Because Plaintiff's federal claims are unfounded, the Court agrees with the Magistrate Judge that it would be improper to continue to exercise supplemental jurisdiction over Plaintiff's state law claims against the Greenville County Defendants. *See* 28 U.S.C. § 1367(c)(3) (2008) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."). Furthermore, as noted above, jurisdiction over Defendant WCSR was also based on supplemental jurisdiction because only state law claims were raised against Defendant WCSR, and there is no diversity of citizenship between Plaintiff and Defendant WCSR. Thus, although the Magistrate Judge initially recommended denial of Defendant WCSR's motion to dismiss in an earlier report to the Court, the Plaintiff's claims against Defendant WCSR will be dismissed without prejudice.

After a thorough review of both reports and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts Report One and Report Two to the extent that those Reports are not inconsistent with this Order and incorporates them herein. Therefore, it is the judgment of this Court that Defendant WCSR's motion to dismiss is **GRANTED** on different grounds as provided herein and Plaintiff's state law claims against Defendant WCSR are **DISMISSED** *without prejudice*; the Greenville County Defendants' motion to dismiss is **GRANTED,** and Plaintiff's federal claims against the Greenville County Defendants are **DISMISSED** *with prejudice,* and her state law claims are **DISMISSED** *without prejudice*.

**IT IS SO ORDERED**.

Signed this 7th day of November, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.